JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X   Case No.

SONIA HUANG,

**COMPLAINT**

Plaintiff,

-against-

THE MOUNT SINAI HOSPITAL,
MICHAEL GOLDSTEIN, M.D., *Individually*,
SUSAN LERNER, M.D., *Individually*, and
CAROLYN FORMAN, *Individually*,

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Defendants.

-----------------------------------------------------------------------X

[stamp: MAY 30 2012 U.S.D.C. S.D. N.Y. CASHIERS]

Plaintiff, SONIA HUANG, by her attorneys, PHILLIPS & PHILLIPS, Attorneys at Law,

PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42

U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

1991, Pub. L. No. 102-166 ("Title VII") and the New York City Human Rights Law, New

York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"), and seeks damages to

redress the injuries Plaintiff has suffered as a result of being **Sexually Harassed,**

**Discriminated Against**, **Retaliated Against**, severely humiliated, mentally anguished,

and emotionally and physically distressed **by her employer**.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§

1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated May 8, 2012, with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7. This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff SONIA HUANG ("HUANG") was a resident of the State of New Jersey and County of Hudson.

9. That at all times relevant hereto, Defendant THE MOUNT SINAI HOSPITAL ("MOUNT SINAI") was a domestic not-for-profit corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at One Gustave L. Levy Place, 1190 Fifth Avenue, New York, NY 10029.

10. That at all times relevant hereto, Plaintiff HUANG was an employee of Defendant MOUNT SINAI.

11.  That at all times relevant hereto, Defendant MICHAEL GOLDSTEIN, M.D. ("GOLDSTEIN") was an employee of Defendant MOUNT SINAI, holding the positions of "Director of Renal and Pancreatic Transplantation" and "Assistant Professor of Surgery."

12.  That at all times relevant hereto, Defendant GOLDSTEIN was Plaintiff HUANG's supervisor and had supervisory authority over Plaintiff HUANG.

13.  That at all times relevant hereto, Defendant SUSAN LERNER, M.D. ("LERNER") was an employee of Defendant MOUNT SINAI, holding the position of "Assistant Professor of Surgery and Medical Education."

14.  That at all times relevant hereto, Defendant LERNER was Plaintiff HUANG's supervisor and had supervisory authority over Plaintiff HUANG.

15.  That at all times relevant hereto, Defendant CAROLYN FORMAN ("FORMAN") was an employee of Defendant MOUNT SINAI, holding the position of "Administrative Director Transplantation Institute."

16.  That at all times relevant hereto, Defendant FORMAN was Plaintiff HUANG's supervisor and had supervisory authority over Plaintiff HUANG.

17.  Defendant MOUNT SINAI, Defendant GOLDSTEIN, Defendant LERNER, and Defendant FORMAN are collectively referred to herein as "Defendants."

## MATERIAL FACTS

18.  On or about August 22, 2011, Plaintiff HUANG began working for Defendants as a "Clinical Practice Manager and Waitlist Manager" at Defendants' locations on 5 East 98th Street, 12th Floor, New York, NY 10029 and 1425 Madison Avenue, 4th Floor, New

York, New York 10029.

19.    As a "Clinical Practice Manager and Waitlist Manager," Plaintiff HUANG's duties included working on and reviewing charts of the patients on the waitlist for kidney transplants.

20.    At all times relevant hereto, Plaintiff HUANG was an exemplary employee, was never disciplined, and always received compliments for her work performance.

21.    However, throughout her employment, **Defendants consistently and continuously subjected Plaintiff HUANG to sexual harassment and gender-based discrimination solely due to Plaintiff HUANG's gender (female)**, creating an extremely hostile and intimidating work environment.

22.    It appeared to Plaintiff HUANG that Defendant LERNER was jealous of other female employees, including Plaintiff HUANG, and as a result, began a discriminatory campaign against her.

23.    By way of example, in or about September 2011, Defendant LERNER told Plaintiff HUANG that it was "so typical that [Defendants] hire a pretty thin Asian girl. **They are dogs here.  Don't you know Jewish guys always have a thing for pretty little Asian girls?"**

24.    Defendant LERNER then mentioned that Defendant GOLDSTEIN only hired Diane, Director of the Living Donor Team, because she slept with him.  Defendant LERNER stated that because Diane and Defendant GOLDSTEIN have had a sexual relationship, she thinks she is "invincible."

25.    Defendant LERNER told Plaintiff HUANG that Defendants' previous Senior Coordinator also had a sexual relationship with Defendant GOLDSTEIN and had to leave because he

made her life hell.

26.   In or about October 2011, Plaintiff HUANG took on an increased role at Defendant MOUNT SINAI as she began working with patients as the "Surgical Physical Assistant" to Defendant GOLDSTEIN.  However, Defendant LERNER nonetheless continued with her gender-based harassment.

27.   By way of example, in or about October 2011, Defendant LERNER referred to Plaintiff HUANG as Defendant GOLDSTEIN's **"new pet"** and **"shiny new toy."**

28.   In addition, Defendant LERNER often told Plaintiff HUANG, **"Wow, you are really his personal pet.  Did you sleep with him yet?  Are you dressing up for Goldstein?"**

29.   Plaintiff HUANG also overheard Defendant LERNER speaking to a Social Worker about Plaintiff HUANG, during which she stated, **"Why do you think Goldstein likes her? Hmmm, makes you wonder doesn't it?"**

30.   Defendant LERNER constantly stated to Plaintiff HUANG that Defendants' management, including Defendant GOLDSTEIN, **"needs their penis jerked."** Defendant LERNER would tell Plaintiff HUANG, **"Make them feel like a man, stroke their ego."**

31.   Furthermore, the overall culture at Defendant MOUNT SINAI was **extremely hostile to female employees**.  By way of example, on one occasion, Plaintiff HUANG observed Dr. Schroppel walk up to a co-worker, Lindsay, and just cup Lindsay's buttocks with his hand.

32.   In or about December 2011, after Defendant GOLDSTEIN told Plaintiff HUANG, "You will get an office ... I will make sure of it," Defendant LERNER expressed her displeasure, saying **"My god.  It's almost like you have him wrapped around your**

**finger.  Why is he fighting for you this hard and against everyone?  He really wants you."**

33.    On or about December 16, 2011, when Plaintiff HUANG wore a black dress to work, Defendant LERNER again humiliated Plaintiff HUANG in front of her co-workers by loudly shouting, **"Why are you dressing up?  Are you dressing up for Goldstein?  Is that how you're getting that office?  Don't get used to the attention.  Once Vanessa starts, he will move on to her."**  This was when Plaintiff HUANG began to panic because she realized that she would never keep her job unless she agrees to have sex with Defendant GOLDSTEIN.

34.    Defendant LERNER again mentioned that Defendant GOLDSTEIN wants to sleep with Plaintiff HUANG and told her, **"you should just do it."**

35.    Defendant LERNER continued to taunt Plaintiff HUANG for her close working relationship with Defendant GOLDSTEIN, specifically saying, **"Wow, he is sticking up for you all the time.  You truly are his pet huh?  What did you have to do to get that attention?"**  In response to the constant humiliation, Plaintiff HUANG struggled to sleep, had nightmares and cried often.

36.    In or about early-December 2011, Defendant LERNER called Plaintiff HUANG into her office and told her that she needed to be careful because **"if you don't flirt with Dr. Goldstein, your job might be on the line."**  Defendant LERNER further said, **"Don't worry though.  You work so hard.  Maybe Dr. Goldstein will move on to Sara or Carmen, or Vanessa and then you will be safe.  Just keep on working hard."**

37.    On or about December 19, 2011, Defendant GOLDSTEIN randomly told Plaintiff HUANG, **"you can check my prostate."**  When Plaintiff HUANG said, "not from me.  I

will never do that," Defendant GOLDSTEIN repeated himself and asked, **"How about a prostate exam with massage and milking?"** Plaintiff HUANG was horrified that Defendant GOLDSTEIN was now contributing to the discrimination and harassment.

38.   As such, **on or about December 19, 2011, Plaintiff HUANG immediately complained to Defendant GOLDSTEIN** about Defendant LERNER's constant gender-based harassment, and told him that his unlawful comments only served to reinforce Defendant LERNER's constant harassment.  More specifically, Plaintiff HUANG complained that Defendant LERNER was spreading false rumors and **was telling Plaintiff HUANG's co-workers that Plaintiff only got her job because she was sleeping with Defendant GOLDSTEIN.**

39.   In fact, Plaintiff HUANG expressly told Defendant GOLDSTEIN, "Dr. Goldstein, all the joking aside, it's all fun and games and banter.  **I will never sleep with you**.  I will never sleep with a married man and a co-worker.  I am offended that Dr. Lerner thinks that and that other people and staff think that."

40.   **On or about December 20, 2011, Plaintiff HUANG complained in detail to Defendant FORMAN** about Defendant LERNER's constant gender-based harassment. Defendant FORMAN told Plaintiff HUANG she was doing a great job and loved by everyone at the office, and assured her that her complaint would remain confidential.

41.   On or about December 22, 2011, Defendants' Labor Relations Department called Plaintiff HUANG into a meeting and attempted to pressure her into admitting that she had sex with Defendant GOLDSTEIN.  However, Plaintiff HUANG was strong and denied any sort of sexual relationship with Defendant GOLDSTEIN.

42.   On or about December 30, 2011, while Plaintiff HUANG was in the office working late,

Defendant GOLDSTEIN began to speak in a flirtatious manner with her, but Plaintiff HUANG cut the conversation short by saying, **"Let's just concentrate on work. I will never sleep with you."**

43. **On or about January 3, 2012 at approximately 9:00 am, Defendant FORMAN summoned Plaintiff HUANG to her office, and without any warning, suddenly terminated her employment "due to her performance," effective immediately.**

44. Defendants' reason for firing Plaintiff HUANG was undoubtedly **pretextual**, as just one (1) week earlier, Defendant FORMAN actually told Plaintiff HUANG that everyone loved her and that she was doing a great job.

45. Furthermore, Defendant GOLDSTEIN had also recently emailed Plaintiff HUANG several times in which he stated, "You're great and we need more people like you."

46. **Defendant FORMAN then suspiciously changed the reason for Plaintiff HUANG's termination**, stating that, "people at work dislike you." After Plaintiff HUANG disputed that again, Defendant FORMAN then proceeded to say, stumbling, "Well, it's just overall performance. That's all. Besides, we can fire you without giving you a reason."

47. Shockingly, when Plaintiff HUANG said, "Let's be real. Be honest. It's about the HR thing with Lerner and Goldstein," to which Defendant FORMAN admitted, "Yes, partly."

48. **Thus, on or about January 3, 2012, Defendants terminated Plaintiff HUANG's employment solely in retaliation for complaining about Defendant LERNER's discrimination and Defendant GOLDSTEIN's sexual harassment.**

49. Unfortunately, Defendants never conducted any investigation, and in fact, no appropriate or reasonable action was ever taken regarding Defendant GOLDSTEIN's and Defendant LERNER's blatant sexual harassment, discrimination and retaliation of Plaintiff

HUANG.

50.  Plaintiff HUANG feels offended, disturbed, and humiliated by the blatantly unlawful, discriminatory, and retaliatory termination.

51.  Plaintiff HUANG was retaliated against due to her objection to Defendants' sexually harassing and unlawful conduct.

52.  The above are just some of the acts of sexual harassment, discrimination and retaliation that Plaintiff HUANG experienced on a regular and continual basis while employed by Defendants.

53.  **Defendants treated Plaintiff HUANG different (discriminated against and sexually harassed her) solely due to her gender (female).**

54.  **But for the fact that Plaintiff HUANG is a female, Defendants would not have treated her different (subjected her to discrimination and sexual harassment).**

55.  **But for the fact that Plaintiff HUANG complained about the discrimination and sexual harassment, Defendants would not have terminated her employment.**

56.  Defendants' actions were unsolicited, unwelcome and offensive.

57.  Defendants' actions and conduct were intentional and intended to harm Plaintiff HUANG.

58.  Plaintiff has been unlawfully discriminated against, sexually harassed, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, earnings and physical injury.

59.  Plaintiff's performance was, upon information and belief, above average during the course of her employment with Defendants.

60.  As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded,

victimized, embarrassed, and emotionally distressed.

61. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered severe emotional distress and physical ailments.

62. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

63. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

64. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.   As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the above-named Defendants.   Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

67. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et*

*seq.*, by discriminating against Plaintiff because of her gender (<u>sexual harassment</u>).

## AS A SECOND CAUSE OF ACTION
## <u>FOR DISCRIMINATION UNDER TITLE VII</u>
### <u>(Not Against Individual Defendants)</u>

68.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

70.    Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## <u>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>

71.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72.    The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender,

disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

73. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender (sexual harassment).

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

74. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

76. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

77. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

78.   New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

79.   Defendants violated the section cited herein as set forth.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

80.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

81.   New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b.   An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      1.   the employee or agent exercised managerial or supervisory responsibility; or

      2.   the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate

13

and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

3.   the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c.   An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

82.   Defendants violated the section cited herein as set forth.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

83.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

84.   The New York City Administrative Code Title 8, §8-107 (7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

85.   Defendants violated the section cited herein as set forth.

Dated: New York, New York
      May 24, 2012

                                     **PHILLIPS & PHILLIPS,**
                                     **ATTORNEYS AT LAW, PLLC**

By: _____
                              William K. Phillips, Esq. (wp0409)
                              *Attorneys for Plaintiff*
                              30 Broad Street, 35th Floor
                              New York, New York 10004
                              (212) 248-7431

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Sonia Huang<br>27 47th Street<br>Weehawken, NJ 07086 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2012-01369 | Austin F. Turner,<br>Investigator | (212) 336-3750 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for **any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Kevin J. Berry,
**District Director**

5/8/12
*(Date Mailed)*

cc:  Director
Human Resources
MOUNT SINAI HOSPITAL
1 Gustave L Levy Place
New York, NY 10029

Derek Smith
DEREK T. SMITH LAW GROUP, P.C.
30 Broad Street
New York, NY 10004

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SONIA HUANG,

                              Plaintiff,

                    -against-

THE MOUNT SINAI HOSPITAL,
MICHAEL GOLDSTEIN, M.D., *Individually*,
SUSAN LERNER, M.D., *Individually*, and
CAROLYN FORMAN, *Individually*,

                              Defendants.
------------------------------------------------------------------X


-----------------------------------------------------------------------------------------------------------

## COMPLAINT

-----------------------------------------------------------------------------------------------------------


# PHILLIPS & PHILLIPS
**Attorneys at Law PLLC**
**Attorneys for Plaintiffs**
**30 Broad Street, 35th Floor**
**New York, NY 10004**
**(212) 248-7431**