EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Rachel B. Jacobson
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
rjacobson@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SONIA HUANG,

     Plaintiff,         12 Civ. 4233 (TPG)

  -against-           **ANSWER**

THE MOUNT SINAI HOSPITAL, MICHAEL
GOLDSTEIN, M.D., SUSAN LERNER, M.D. and
CAROLYN FORMAN,

     Defendants.
_____

  Defendants The Mount Sinai Hospital ("Mount Sinai"), Michael Goldstein, M.D. ("Goldstein"), Susan Lerner, M.D. ("Lerner") and Carolyn Forman ("Forman") (collectively "Defendants"), by their attorneys, Edwards Wildman Palmer LLP, answer the Complaint as follows:

  1. Deny each and every allegation contained in paragraph 1 of the Complaint except admit that Plaintiff purports to asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e, *et seq.*, and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL").

  2. Deny each and every allegation contained in paragraph 2 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 42 U.S. C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. Deny each and every allegation contained in paragraph 3 of the Complaint, except admit that Plaintiff purports to invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

4. Deny each and every allegation contained in Paragraph 4 of the Complaint, except admit that venue is proper in the United States District Court for the Southern District of New York.

5. Deny each and every allegation contained in Paragraph 5 of the Complaint, except admit that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") dated February 9, 2012.

6. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except admit that Plaintiff was issued a Notice of Right to Sue by the EEOC, dated May 8, 2012.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admit that the Notice of Right to Sue is dated May 8, 2012 and Plaintiff commenced this action on May 30, 2012.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny each and every allegation contained in paragraph 9 of the Complaint, except admits that The Mount Sinai Hospital is incorporated pursuant to the not-for-profit law of the State of New York and Mount Sinai's mailing address is One Gustave L. Levy Place, 1190 Fifth Avenue, New York, New York 10029.

10. Deny each and every allegation contained in paragraph 10 of the Complaint, except admit that Plaintiff was an employee of Mount Sinai.

11. Deny each and every allegation contained in paragraph 11 of the Complaint, except admit that Goldstein is an employee of the Mount Sinai School of Medicine (the "SOM") and that he holds the titles "Director of Kidney and Pancreas Transplant" and "Assistant Professor of Surgery."

12. Deny each and every allegation contained in paragraph 12 of the Complaint.

13. Deny each and every allegation contained in paragraph 13 of the Complaint, except admit that Lerner is an employee of the SOM and holds the title "Assistant Professor of Surgery."

14. Deny each and every allegation contained in paragraph 14 of the Complaint.

15. Deny each and every allegation contained in paragraph 15 of the Complaint, except admit that Forman is an employee of the SOM and that she holds the title "Administrative Director."

16. Deny each and every allegation contained in paragraph 16 of the Complaint, except admit that Plaintiff reported to the Senior Coordinator and the Senior Coordinator reported to the Administrative Director.

17. Deny each and every allegation contained in paragraph 17 of the Complaint, except admit that Mount Sinai, Goldstein, Lerner and Forman are "Defendants" in this action.

18. Deny each and every allegation contained in paragraph 18 of the Complaint, except admit that on or about August 22, 2011, Plaintiff began working for Mount Sinai as the Transplant Coordinator/Waitlist Manager at Mount Sinai's facilities located at 5 E. 98th Street, 12th Floor, New York, New York 10029 and 1425 Madison Avenue, 4th Floor, New York, New York 10029.

19. Deny each and every allegation contained in paragraph 19 of the Complaint, except admit that Plaintiff had a written job description and refer to it for its contents.

20. Deny each and every allegation contained in paragraph 20 of the Complaint.

21. Deny each and every allegation contained in paragraph 21 of the Complaint.

22. Deny each and every allegation contained in paragraph 22 of the Complaint, except deny knowledge or information sufficient to form a belief regarding what "appeared" to Plaintiff.

23. Deny each and every allegation contained in paragraph 23 of the Complaint.

24. Deny each and every allegation contained in paragraph 24 of the Complaint.

25. Deny each and every allegation contained in paragraph 25 of the Complaint.

26. Deny each and every allegation contained in paragraph 26 of the Complaint, except admit that Plaintiff saw patients in her role as Transplant Coordinator/Waitlist Manager.

27. Deny each and every allegation contained in paragraph 27 of the Complaint.

28. Deny each and every allegation contained in paragraph 28 of the Complaint.

29. Deny each and every allegation contained in paragraph 29 of the Complaint.

30. Deny each and every allegation contained in paragraph 30 of the Complaint.

31. Deny each and every allegation contained in paragraph 31 of the Complaint.

32. Deny each and every allegation contained in paragraph 32 of the Complaint.

33. Deny each and every allegation contained in paragraph 33 of the Complaint.

34. Deny each and every allegation contained in paragraph 34 of the Complaint.

35. Deny each and every allegation contained in paragraph 35 of the Complaint.

36. Deny each and every allegation contained in paragraph 36 of the Complaint.

37. Deny each and every allegation contained in paragraph 37 of the Complaint.

38. Deny each and every allegation contained in paragraph 38 of the Complaint, except admit that on or about December 19, 2011, Plaintiff met with Goldstein.

39. Deny each and every allegation contained in paragraph 39 of the Complaint.

40. Deny each and every allegation contained in paragraph 40 of the Complaint, except admit that on or about December 21, 2011, Plaintiff met with Forman.

41. Deny each and every allegation contained in paragraph 41 of the Complaint, except admit that on or about December 22, 2011, Plaintiff met with Salvatore LaVecchia of Mount Sinai's Labor Relations Department.

42. Deny each and every allegation contained in paragraph 42 of the Complaint.

43. Deny each and every allegation contained in paragraph 43 of the Complaint, except admit that on or about January 3, 2012 Plaintiff was terminated for poor performance.

44. Deny each and every allegation contained in paragraph 44 of the Complaint.

45. Deny each and every allegation contained in paragraph 45 of the Complaint and refer to the emails for their contents.

46. Deny each and every allegation contained in paragraph 46 of the Complaint.

47. Deny each and every allegation contained in paragraph 47 of the Complaint.

48. Deny each and every allegation contained in paragraph 48 of the Complaint, except admit that on or about January 3, 2012 Plaintiff was terminated for poor performance.

49. Deny each and every allegation contained in paragraph 49 of the Complaint, and further deny that Plaintiff was subjected to sexual harassment, discrimination or retaliation by Defendants.

50. Deny each and every allegation contained in paragraph 50 of the Complaint, except deny knowledge or information sufficient to form a belief regarding Plaintiff's feelings.

51. Deny each and every allegation contained in paragraph 51 of the Complaint.

52. Deny each and every allegation contained in paragraph 52 of the Complaint, and further deny that there were any acts of sexual harassment, discrimination or retaliation by Defendants.

53. Deny each and every allegation contained in paragraph 53 of the Complaint.

54. Deny each and every allegation contained in paragraph 54 of the Complaint.

55. Deny each and every allegation contained in paragraph 55 of the Complaint.

56. Deny each and every allegation contained in paragraph 56 of the Complaint.

57. Deny each and every allegation contained in paragraph 57 of the Complaint.

58. Deny each and every allegation contained in paragraph 58 of the Complaint.

59. Deny each and every allegation contained in paragraph 59 of the Complaint.

60. Deny each and every allegation contained in paragraph 60 of the Complaint, except deny knowledge or information sufficient to form a belief regarding Plaintiff's feelings.

61. Deny each and every allegation contained in paragraph 61 of the Complaint.

62. Deny each and every allegation contained in paragraph 62 of the Complaint.

63. Deny each and every allegation contained in paragraph 63 of the Complaint.

64. Deny each and every allegation contained in paragraph 64 of the Complaint.

65. With regard to paragraphs 1 through 64 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

66. Deny each and every allegation contained in paragraph 66 of the Complaint, except admit that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964 for sexual harassment.

67. Deny each and every allegation contained in paragraph 67 of the Complaint.

68. With regard to paragraphs 1 through 67 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

69. Deny each and every allegation contained in paragraph 69 of the Complaint and refer to Title VII of the Civil Rights Act of 1964 for its contents.

70. Deny each and every allegation contained in paragraph 70 of the Complaint.

71. With regard to paragraphs 1 through 70 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

72. Deny each and every allegation contained in paragraph 72 of the Complaint and refer to the Administrative Code of the City of New York for its contents.

73. Deny each and every allegation contained in paragraph 73 of the Complaint.

74. With regard to paragraphs 1 through 73 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

75. Deny each and every allegation contained in paragraph 75 of the Complaint and refer to the Administrative Code of the City of New York for its contents.

76. Deny each and every allegation contained in paragraph 76 of the Complaint.

77. With regard to paragraphs 1 through 76 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

78. Deny each and every allegation contained in paragraph 78 of the Complaint and refer to the Administrative Code of the City of New York for its contents.

79. Deny each and every allegation contained in paragraph 79 of the Complaint.

80. With regard to paragraphs 1 through 79 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

81. Deny each and every allegation contained in paragraph 81 of the Complaint and refer to the Administrative Code of the City of New York for its contents.

82. Deny each and every allegation contained in paragraph 82 of the Complaint.

83. With regard to paragraphs 1 through 82 of the Complaint, repeat and reallege their responses, as if each were fully set forth herein.

84. Deny each and every allegation contained in paragraph 84 of the Complaint and refer to the Administrative Code of the City of New York for its contents.

85. Deny each and every allegation contained in paragraph 85 of the Complaint.

86. Admit the allegations contained in paragraph 86 of the Complaint, except deny that Plaintiff is entitled to a jury trial on any claim for equitable remedies, including but not limited to back pay or front pay.

87. Deny that Plaintiff is entitled to any of the relief demanded in the WHEREFORE clause of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

88. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Defendants knew or should have known of any alleged discriminatory or harassing treatment of the Plaintiff or that Defendants acquiesced in any alleged such treatment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and to correct promptly any discriminatory or harassing behavior by having anti-discrimination, anti-harassment, and anti-retaliation policies with a complaint procedure.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred, in whole or in part, because Defendants have policies prohibiting discrimination and harassment, and procedures for investigating and preventing discrimination and harassment, and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination and harassment.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred, in whole or in part, because policies and procedures for the prevention, detection, and investigation of discrimination were established, and complied with, by Defendants and there is a record of no prior incidents of discriminatory or harassing conduct by any employee, agent, or independent contractor of Defendants who is alleged by Plaintiff to have discriminated against or harassed her.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred, in whole or in part, by the after acquired evidence defense.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred, in whole or part, by the applicable statutes of limitation.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the cost and disbursements of this action, reasonable attorneys' fees, and such further relief as the Court deems just and proper.

Date:  New York, New York
       August 8, 2012

                                        EDWARDS WILDMAN PALMER LLP

                                        By: _____
                                            Rory J. McEvoy
                                            Rachel B. Jacobson
                                        Attorneys for Defendants
                                        750 Lexington Avenue
                                        New York, New York 10022
                                        212.308.4411
                                        rmcevoy@edwardswildman.com
                                        rjacobson@edwardswildman.com

To:   William K. Phillips, Esq.
      Phillips & Phillips, PLLC
      30 Broad Street
      35th Floor
      New York, New York 10004

EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Rachel B. Jacobson
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
rjacobson@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SONIA HUANG,

              Plaintiff,

           -against-

THE MOUNT SINAI HOSPITAL, MICHAEL GOLDSTEIN, M.D., SUSAN LERNER, M.D. and CAROLYN FORMAN,

              Defendants.

---

12 Civ. 4233 (TPG)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                          ) ss.:
COUNTY OF NEW YORK )

Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 8th day of August 2012, she caused a true and correct copy of the foregoing ANSWER and RULE 7.1 DISCLOSURE to be served upon:

            William K. Phillips, Esq.
            Phillips & Phillips, PLLC
            30 Broad Street, 35th Floor
            New York, New York 10004

by depositing a true copy of said documents enclosed in a prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York and by filing same on the United States District Court, Southern District of New York's electronic court filing system.

                                                                  Jean W. McLoughlin

Sworn to before me this
8th day of August 2012

_____
Notary Public

                    RACHEL JACOBSON
            Notary Public, State of New York
                   No. 02JA6209209
              Qualified in New York County
           Commission Expires July 20, 2013